JLG:PGS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

DAVID IBARRA,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

C O M P L A I N T   25-mj-48

(18 U.S.C. §§ 2251(a) and 2251(e))

EASTERN DISTRICT OF NEW YORK, SS:

        JANINE MUSMACKER, being duly sworn, deposes and states that she is a Task Force Officer with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

        In or about August 2024, within the Eastern District of New York and elsewhere, the defendant DAVID IBARRA did employ, use, persuade, induce, entice and coerce a minor, to wit: Jane Doe, an individual whose identity is known to the FBI and the United States Attorney's Office, to engage in sexually explicit conduct, and knowingly and intentionally attempt to do so, for the purpose of producing one or more visual depictions of such conduct and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depictions would be transported and transmitted using any means and facility of interstate and foreign commerce and which would be in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and

which visual depictions were actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

(Title 18, United States Code, Sections 2251(a) and 2251(e))

The source of the deponent's information and the grounds for her belief are as follows:

1. I am a Detective of the Suffolk County Police Department ("SCPD") and am presently serving as a Task Force Officer ("TFO") of the Federal Bureau of Investigation ("FBI"), presently assigned to the Long Island Resident Agency Child Exploitation and Human Trafficking Task Force (the "Task Force"). I have worked at the SCPD since 2000, and I have been a TFO since 2021. Prior to my work with the Task Force, I was assigned as a SCPD Detective in the Special Victims Section for four years, during which time I investigated numerous child sexual and physical abuse cases. I have also been trained as a Forensic Interviewer. As a TFO, I investigate criminal violations relating to the sexual exploitation of children, including the illegal production, distribution, transportation, receipt, and possession of child pornography. I have received training regarding the investigation of child exploitation offenses, and I have gained expertise in these types of investigations through training in classes and seminars, as well as my daily work conducting these types of investigations and assisting in the prosecutions of these offenses. I have been involved in numerous child pornography and sexual extortion investigations, and I am familiar with the tactics used by individuals who collect and distribute child pornographic material. As part of my responsibilities, I have been involved in the investigation of numerous child pornography and sexual exploitation cases, and have reviewed thousands of photographs and videos depicting children (less than 18 years of age) being sexually exploited by adults. I have also participated in the execution of multiple search

warrants relating to child pornography offenses, including search warrants for the content of electronic devices and for e-mail and other online accounts, and have effectively used the results of the searches in connection with the prosecution of owner(s)/user(s) and their co-conspirators.

2.  The facts in this affidavit come from my personal observations, my review of evidence, information obtained from other agents and witnesses, and my training and experience. This affidavit is intended to show only that there is probable cause to arrest and does not set forth all of my knowledge about this matter.

## DEFINITIONS

3.  For the purposes of this complaint "Child Pornography," as used herein, means and includes the definition in 18 U.S.C. § 2256(8) (any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct), as well as any visual depiction, the production of which involves the use of a minor engaged in sexually explicit conduct (see 18 U.S.C. §§ 2252 and 2256(2)).

## PROBABLE CAUSE

4.  On September 1, 2024, the FBI received a report from the SCPD, which stated, in substance and in part, that a father living in Suffolk County, New York, had informed the SCPD that an unknown male – who was later identified by law enforcement as the defendant DAVID IBARRA, as further described herein – had been paying his nine-year-old daughter

(hereinafter "Jane Doe") to produce sexually explicit photos and videos of herself at his direction, which Jane Doe sent to IBARRA using her cellphone.

5. Thereafter, an FBI Child Adolescent Forensic Interviewer interviewed Jane Doe. The Jane Doe stated, in substance and in part, that in August 2024, she had met an individual on the social media platform TikTok.[1] According to Jane Doe, this individual contacted her via TikTok, and asked her to communicate with him further via Roblox.[2] He introduced himself as "Dave," claimed to be a 13-year-old boy living in Texas, and gave his cellphone number to Jane Doe, so that they could communicate via text-message. Jane Doe explained, in substance and in part, that "Dave" asked her to create and send him sexually explicit videos of herself, and in exchange, "Dave" would pay her money. Jane Doe created numerous videos using her cellphone and sent them to "Dave;" and in exchange, "Dave" sent her money via Apple Pay.

6. A forensic review of Jane Doe's cellphone – performed with the consent of her father – corroborated her statements. Specifically, based on my review of the contents of her cellphone, I have learned, in substance and in relevant part, that throughout August 2024, "Dave" repeatedly solicited sexually explicit photos and videos via text-message from Jane Doe.

---

[1] TikTok is a short-form video hosting service owned by Chinese internet company ByteDance. It hosts user-submitted videos, which can range in duration from three seconds to 60 minutes, and can be accessed with a smart phone application ("app"). Since its launch, TikTok has become one of the world's most popular social media platforms. TikTok users can send messages to one another, as well as post comments on other users' videos.

[2] Roblox is an online game platform and game creation system that allows users to program and play games created by themselves or other users. Roblox also allows users to communicate directly with one another while playing games.

The following are several examples of messages recovered from Jane Doe's cellphone that were sent from "Dave":

    a. August 22, 2024: Not enough.  Take them off it's like wearing a bikini.

    b. August 29, 2024: Can we be a little dirty before we go to sleep?  Pls and I'll send money…

    c. August 29, 2024: Take your spandex off pay [sic] and rub it again and show me more of it

    d. August 29, 2024:  Can I see it again and can you open it with your fingers

7. A review of Jane Doe's cellphone also revealed 17 separate Apple Pay transactions totaling $191.00 sent to her from "Dave's" telephone number.

8. The telephone number that "Dave" used to communicate with Jane Doe ended in 9118 (the "9118 Phone").  Documents provided by Verizon, the service provider for the 9118 Phone, indicated that the 9118 Phone was registered to DAVID IBARRA in El Paso, Texas, who is a 31-year-old man.  According to these records, the 9118 Phone is an Apple iPhone 14.  Based on the matching phone number, state of residence, and the use of the nickname "Dave" when conversing with Jane Doe, there is probable cause to believe that "Dave" is the defendant DAVID IBARRA.

9. In furtherance of this investigation, on November 7, 2024, the Honorable Anne Y. Shields, United States Magistrate Judge, signed a search and seizure warrant, stamped 24-MJ-602, authorizing the search of an Apple iCloud account belonging to the defendant DAVID IBARRA.  I have reviewed the content of this iCloud account provided by Apple, Inc. , which contained numerous images of Jane Doe, including of Jane Doe engaged in sexually explicit conduct.  The following is a description of several such images:

    a. File 1:  A still image that was sent on August 28, 2024, at 2:58 p.m., and depicts the front of Jane Doe, including her face, while standing in her

      bedroom wearing a blue sports bra and black spandex shorts, with multiple bracelets on both hands and long pink fingernails.

    b. File 2: A video that was sent on August 28, 2024, at 9:49 p.m., and depicts Jane Doe laying down with her legs spread open, her shorts pulled down to her knees exposing her vagina, and her fingers touching her vagina. Jane Doe is wearing, a distinctive Mickey Mouse ring on her hand that has been identified by her mother as belonging to Jane Doe and is also wearing the same black shorts and has the same fingernails referenced in File 1.

    c. File 3: A still picture that was sent on August 28, 2024, at 10:00 p.m., and depicts Jane Doe laying on her back with her legs spread open and her shorts pulled down to her knees exposing her vagina. Jane Doe is wearing the same black spandex shorts and the same bracelets referenced in File 1.

10. Additionally, the defendant DAVID IBARRA continued to attempt to communicate with Jane Doe as recently as January 2025. For instance, on January 11, 2025, the defendant used the 9118 Phone to communicate with an individual whom he believed was Jane Doe's 15 year-old sister (the "older sister"), but who was, in fact, Jane Doe's mother (the "Mother") posing as her older daughter. During these communications, the defendant attempted to find out why he is no longer able to contact Jane Doe and tried to solicit the "older sister" to help him reconnect with her.

11. On January 11, 2025, again using the 9118 Phone, the defendant also sent a close-up "selfie" picture to the "older sister" on the Mother's phone, which shows his face with one hand in front of his mouth and the other hand holding up the middle finger in front of his face partially obscuring his nose. During a review of the defendant's iCloud account, I reviewed a similar "selfie" of the defendant where he has a shirt collar pulled up over his mouth. The "selfie" sent to the Mother (below left) and the "Selfie" recovered from the defendant's iCloud account (below right) appear to be the same person:

6



12.     On February 12, 2025, based on evidence obtained during the investigation, including but not limited to the evidence outlined herein, agents arrested the defendant DAVID IBARRA outside of his residence in Anchorage, Alaska. At the time of his arrest, the defendant identified himself as David Ibarra and provided his date of birth, which is consistent with records obtained during the investigation. Agents also recovered several identification cards confirming his identity, including an Alaska Driver's License. After being taken into custody, the defendant agreed to be interviewed. Before interviewing the defendant, agents advised him of his Miranda rights. The defendant waived those rights and made the following admissions in sum, substance and relevant part: (a) he made contact with Jane Doe online and began communicating with her via cellphone; (b) he believed that Jane Doe was 12 years-old; (c) he made payments to Jane Doe via Apple Pay and in exchange she sent him sexually explicit images of herself; (d) he sent the messages outlined above in paragraph 6 to Jane Doe; (e) he was shown and acknowledged that the images of Jane Doe outlined above ( File

2 and File 3) were images that she created and sent to him based on his request; and (e) that he has communicated with other minor females who have sent him sexually explicit images of themselves at his request, including a girl in New Jersey.

13. Accordingly, I submit that there is probable cause to believe that the defendant DAVID IBARRA used a cellphone to persuade, induce, entice, and coerce Jane Doe to create sexually explicit images of herself and to send the images to him via cellphone. I further submit that the individual who was arrested by the FBI on February 12, 2025 in Anchorage, Alaska is the defendant.

WHEREFORE, your deponent respectfully requests that the defendant DAVID IBARRA be dealt with according to law.

JANINE MUSMACKER
Task Force Officer
Federal Bureau of Investigation

Sworn to before me this
12th day of February, 2025

/s/ Steven Tiscione

HONORABLE STEVEN L. TISCIONE
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK