

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

---

PGS
F. #2025R00104

*610 Federal Plaza*
*Central Islip, New York 11722*

March 25, 2025

<u>By E-mail and ECF</u>

The Honorable Joanna Seybert
Senior United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York  11722

    Re: United States v. David Ibarra
      <u>Criminal Docket No.: 25-90</u>

Dear Judge Seybert:

   The government respectfully submits this letter to request that the Court enter a permanent order of detention for the defendant David Ibarra, pending trial of the above-referenced matter.  As further described below, the defendant poses a significant danger to the community and is a flight risk.

I. <u>Background</u>

   On February 12, 2025, the defendant was arrested in Anchorage, Alaska and charged by complaint filed in this district with sexual exploitation of a child, in violation of 18 U.S.C. §§ 2251(a) and 2251(e).  <u>See</u> <u>United States v. Ibarra</u>, 25-MJ-48.  On February 13, 2025, a magistrate judge in the District of Alaska ordered the defendant to be removed in custody to the Eastern District of New York ("EDNY").  On March 12, 2025, a grand jury in the EDNY returned a two-count indictment (the "Indictment") charging the defendant with sexual exploitation of a child, as well as coercion and enticement, in violation of 18 U.S.C. § 2422(b).  The defendant is scheduled to arraigned on March 26, 2025, before Your Honor.

II. <u>Legal Standard</u>

   As an initial mater, the charges in the Indictment carry a statutory presumption under 18 U.S.C. § 3142(e)(3) that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community."  <u>See</u> 18 U.S.C. § 3142(e)(3)(E) (presumption for offenses involving minor victims under 18 U.S.C. §§ 2251 and 2252).

To rebut this statutory presumption, the defendant must come "forward with evidence that he does not pose a danger to the community or a risk of flight." United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001) (per curiam). If this limited burden of production is satisfied, the government retains the burden of persuasion by clear and convincing evidence that the defendant presents a danger to the community and by a preponderance of evidence that the defendant presents a risk of flight. Id.

To determine whether the presumptions of dangerousness and flight are rebutted by a defendant, the Court must consider:

(1)     the nature and circumstances of the crime charged;
(2)     the weight of the evidence against the defendant;
(3)     the history and characteristics of the defendant, including family ties, employment, financial resources, community ties, drug or alcohol abuse history and past conduct; and
(4)     the nature and seriousness of the danger to the community or to an individual that would be posed by release.

18 U.S.C. § 3142(g). Once a defendant has met his burden of production relating to danger to the community and risk of flight, the presumption in favor of detention does not disappear entirely but remains a factor for the court to consider. Mercedes, 254 F.3d at 436.

III.   The Defendant Is a Danger to the Community and Presents a Serious Risk of Flight

The defendant is a 31-year-old active duty member of the United States Air Force and recently relocated to a base in Anchorage, Alaska. As set forth in the complaint, in August 2024, the defendant manipulated and coerced a nine-year old girl ("Jane Doe") to produce sexually explicit photographs and videos of herself and send them to him via text message. The defendant took on the fake persona of a 13-year-old named "Dave" when communicating with Jane Doe and used the offer of money to persuade her to send these disturbing images. During their communications over text message, the defendant pressured the victim to send him more images and directed her as to what he wanted Jane Doe to do. For instance, the following text messages sent from the defendant were recovered from Jane Doe's cellphone:

- August 22, 2024: Not enough. Take them off it's like wearing a bikini.

- August 29, 2024: Can we be a little dirty before we go to sleep? Pls and I'll send money…

- August 29, 2024: Take your spandex off…and rub it again and show me more of it

- August 29, 2024:  Can I see it again and can you open it with your fingers

2

In response to his repeated requests, Jane Doe sent the defendant numerous pictures of herself in various suggestive positions, including sexually explicit images exposing her vagina and masturbating. The defendant's dogged efforts to sexually exploit Jane Doe and the way in which he induced her to engage in specific, depraved acts makes this already disturbing crime even more serious. Indeed, a review of Jane Doe's cellphone revealed at least 17 separate payments totaling $191.00 sent to her from the defendant in August 2024.

On February 12, 2025, FBI agents arrested the defendant outside of his residence in Anchorage, Alaska. After he was in custody, the defendant agreed to be interviewed. Before interviewing the defendant, agents advised him of his <u>Miranda</u> rights, which he waived and then made the following admissions in sum, substance and relevant part: (a) he first contacted Jane Doe online and began communicating with her via cellphone; (b) he believed that Jane Doe was 12 years-old; (c) he made payments to Jane Doe via Apple Pay and in exchange she sent him sexually explicit images of herself; (d) he sent the text messages outlined above to Jane Doe; (e) he was shown and acknowledged that the sexually explicit images of Jane Doe that were recovered from his iCloud account, pursuant to a lawfully executed search warrant, were images that she created and sent to him at his request; and (e) that he has communicated with other minor females who have sent him sexually explicit images of themselves at his request, including a girl in New Jersey. Furthermore, after arresting the defendant, agents conducted an initial search of his cellphone to look for further evidence of the defendant's exploitation of children, pursuant to a search warrant signed on February 11, 2025, by United States Magistrate Judge Kyle F. Reardon, District of Alaska. During their search, agents discovered more than a dozen photographs of Jane Doe in the defendant's cellphone, often in suggestive poses. Agents also identified sexually explicit images of a pre-pubescent female who is not Jane Doe, which is consistent with the defendant's admission that there are more victims with whom he was in communication. Thus, the nature and circumstances of the charged crime strongly support detention. The horrific nature of the crimes against Jane Doe is self-evident and, by his own admission, there are more victims. Accordingly, the government respectfully submits that there is clear and convincing evidence establishing that the defendant is a danger to the community and should be detained pending his initial appearance in the Eastern District of New York.

In addition, the evidence in this case is overwhelming and strongly supports detention. The defendant is charged with some of the most serious federal crimes involving the sexual exploitation of children. The investigation has recovered illicit messages sent to Jane Doe from the defendant's cellphone, sexually explicit images of Jane Doe from the defendant's iCloud account, additional images of child pornography from the phone recovered from the defendant at his arrest, and a full confession from the defendant. The defendant's abusive behavior is even more dangerous because it was focused on some of the most vulnerable members of the community – pre-teen girls. By encouraging and, in some cases, coercing these children to create exploitative images of themselves for him, he has undoubtedly caused them great, and possibly irreparable, psychological harm.

Finally, the defendant poses a significant risk of flight if released. The offenses with which the defendant is charged include producing child pornography, which carries a statutory mandatory minimum of fifteen years' imprisonment and a statutory maximum of 30 years. 18 U.S.C. §§ 2251(a), 2251(e). The Second Circuit has held that the possibility of a severe sentence is an important factor in assessing flight risk. See United States v. Jackson, 823 F.2d 4, 7 (2d Cir. 1987); United States v. Cisneros, 328 F.3d 610, 618 (10th Cir. 2003) (defendant was a flight risk because her knowledge of the seriousness of the charges against her gave her a strong incentive to abscond); United States v. Townsend, 897 F.2d 989, 995 (9th Cir. 1990) ("Facing the much graver penalties possible under the present indictment, the defendants have an even greater incentive to consider flight.").

IV. Conclusion

For the reasons set forth above, the government respectfully submits that the defendant should be detained pending trial as he poses a significant danger to the community and flight risk if released, and no condition or combination of conditions will ensure the safety of the community and the defendant's appearance in in court.

Respectfully submitted,

JOHN J. DURHAM
United States Attorney

By:    _____/s/_____
Paul G. Scotti
Assistant U.S. Attorney
(631) 715-7836

cc:    Evan Sugar, Esq. (by Email and ECF)
Clerk of Court (JS) (by Email and ECF)

4